IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHERI VOYLES                                                                                              PLAINTIFF

V.                                                                         CIVIL ACTION NO.: 1:08CV55-SA-JAD

LANE FURNITURE INDUSTRIES, INC.                                                                DEFENDANT

<u>MEMORANDUM OPINION</u>

Presently before the Court is Defendant's Motion for Summary Judgment [26]. After careful consideration, the Court specifically finds as follows:

I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff Cheri Volyes began her employment with Defendant Lane Furniture Industries, Inc., on August 26, 2005, as a traffic clerk in the Shipping Department. Voyles claims that on August 3, 2007, she had worked more than the minimum number of hours required during the preceding twelve (12) months to request and receive medical leave under the provisions of the Family Medical Leave Act (FMLA). 29 U.S.C. § 2601. According to Voyles, she requested leave on August 3, 2007, to care for her daughter, who was suffering health problems as the result of a difficult pregnancy. She contends that Lane refused to provide her with an application for family medical leave as her daughter's condition was not covered by the FMLA. Voyles claims she left work to take care of her daughter and was not allowed to return to work. She submits that she was terminated, and the termination was unlawful under 29 United States Code Section 2615.

Voyles' adult daughter, Shawna Yarbrough, gave birth on July 30, 2007, at Baptist Hospital in Oxford, Mississippi. Shawna's pregnancy was difficult due to pre-term labor and bleeding. As a result, Shawna was hospitalized on July 4 and July 5, 2007, July 10, 2007, and July 15 through

July 17, 2007. Shawna was admitted to the hospital again on July 29, 2007, gave birth on July 30, 2007, when the child was approximately four weeks premature, and was discharged from the hospital with him on August 3, 2007. Although the pregnancy was difficult, the birth was natural, routine, and did not require surgery. According to Voyles, her daughter was tired after giving birth, but she was discharged from the hospital on August 3, 2007, with no restrictions except not to drive for two weeks.

In anticipation of Shawna's release from the hospital, on either July 31 or August 1, 2007, Volyes spoke with Bud Browning, Volyes' supervisor and manager of the Shipping Department, about taking family medical leave for her daughter. Browning informed Voyles that she would need to discuss the matter with Mike McCraw, Human Resource/Facility Manager for Lane. Voyles asked McCraw on either July 31 or August 1, 2007, "for a Family Medical Leave for [her] daughter." McCraw indicated he would get back with her. Voyles spoke with McCraw again on August 3, 2007, the day Shawna was discharged from the hospital. McCraw informed Voyles that she was not entitled to Family Medical Leave, so Volyes requested if she could take personal leave without pay; McCraw denied this request. Voyes exited McCraw's office, and with Browning's permission,[1] left work early for the day to help with her daughter and the baby.

On August 6, 2007, Voyles did not return to work and called Roger Bland, Personnel Director at Lane, about how McCraw treated her when she requested family medical leave. Bland stated that he would have Browning call her. Later that same day, Browning contacted her and asked if she would work half-days. Voyles declined Browning's proposed accommodation and never returned to work. On August 9, 2007, Browning filled out a Personnel Action form on Voyles

---

[1] Browning merely permitted Plaintiff to be off the rest of the day on August 3, 2007.

that indicated she "voluntarily quit with no notice." The form did provide that Voyles was eligible for rehire. Plaintiff never made any inquires to Lane about returning to work after she left on August 3, 2007. Moreover, Voyles testified that she did not want to work for Lane anymore.

Lane requests this Court grant summary judgment on Plaintiff's FMLA interference and retaliation claims for failing to prove she was entitled to FMLA leave.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1983 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (internal citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." Morrison v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). But the nonmovant must "do more than simply show that there is metaphysical doubt as to

the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Moreover, "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 252, 106 S. Ct. 2505. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(E).

III. ANALYSIS

A.   Interference with FMLA Rights

Under the FMLA, an employer is prohibited from interfering with, restraining, or denying an employee's exercise of or attempted exercise of any right conferred under the FMLA. 29 U.S.C. § 2615(a)(1). Refusing to authorize FMLA leave to an employee who is entitled to take that leave constitutes interference. 29 C.F.R. § 825.220(b). A claim for interference with an employee's rights under the FMLA necessarily depends upon proof that the employee was entitled to leave under the FMLA. Satterlee v. Allen Press, Inc., 274 Fed. Appx. 642, 645 (10th Cir. 2008); Cavin v. Honda of Am. Mfg., 346 F.3d 713, 719 (6th Cir. 2003).

Plaintiff's Complaint alleges that:

On or about August 3, 2007, Plaintiff attempted to obtain FMLA documents to request leave from work due to her daughter's health problems with a difficult pregnancy and was refused the paperwork that would allow her to apply for FMLA.

The FMLA provides that an eligible employee is entitled to a total of 12 work-weeks of leave during any 12 month period "in order to care for the . . . son [or] daughter . . . of the employee, if such . . . son [or] daughter . . . has a serious health condition." 29 U.S.C. § 2612(a)(1)(c). A son or daughter is defined as a child "under 18 years of age; or 18 years of age or older incapable of self-care because of a *mental or physical disability*." 29 U.S.C. § 2611(12)(A)-(B) (emphasis added).

4

Although Voyles contends she requested FMLA documents due to her daughter's health problems with a difficult pregnancy, Voyles' daughter delivered the baby and was discharged from the hospital on August 3, 2007, the date she attempted to obtain FMLA documents. The Court finds that while her daughter's pregnancy complications may have constituted a serious medical condition within the meaning of the FMLA before her daughter delivered the baby, Voyles did not seek leave to take care of her daughter during the pregnancy. Voyles only sought FMLA leave after her daughter's delivery and discharge from the hospital.

According to Voyles, her daughter Shawna was discharged from the hospital after giving birth to a normal but premature child. When discharged from the hospital, she could walk without difficulty, speak, see, hear, perform manual tasks, use the bathroom, and care for her newborn child. Her only restriction was to not drive for two weeks. Voyles has not provided the source of or explanation for this restriction. Shawna's treating physician, Dr. William Henderson, testified that he does not usually restrict a new mother's driving after a normal delivery, and that he considered Shawna's delivery normal. Dr. Henderson further testified that he did not believe it was medically necessary for Plaintiff to assist Shawna after her discharge from the hospital, but could not testify further because the physician-patient privilege was not waived.

Approximately six weeks after Shawna's delivery, Dr. Henderson provided Shawna with a letter for the benefit of Voyles stating that he would have signed FMLA papers for Voyles due to Shawna's difficult pregnancy. Dr. Henderson testified that although he could not recollect the circumstances surrounding the letter, he could safely say the letter related to Shawna's condition during her pregnancy and not after she was discharged from the hospital. He further testified that he would not have written a letter to the same effect for Voyles based on Shawna's condition upon

5

discharge from the hospital, considering Shawna's delivery was routine.

Accordingly, the Court must decide whether Plaintiff's daughter, who was over the age of 18 years at the time she was discharged from the hospital after the delivery, was "incapable of self-care because of a mental or physical disability." To define "mental or physical disability," the Court must turn to the Code of Federal Regulations. 29 C.F.R. § 825.113(c)(2) (applying definitions pertaining to the Americans with Disabilities Act to FMLA, 42 U.S.C. 12101 et seq. (ADA); 29 C.F.R. § 1630.2(h), (i), and (j)). A physical disability is "an impairment that substantially limits one or more of the major life activities." 29 C.F.R. § 825.113(c)(2); 29 C.F.R. § 1630.2(g)(1)(ADA).

Plaintiff contends she was entitled to leave under the FMLA to assist her daughter during the two weeks her daughter was restricted from driving. Although Plaintiff indicated her daughter's driving was restricted for two weeks, she failed to explain what underlying physical disability her daughter possessed that limited her ability to drive. Although not yet addressed by the Fifth Circuit, at least four other Circuits have concluded that driving is not major life activity. Winsley v. Cook County, 563 F.3d 598, 603 (7th Cir. 2009); Kellogg v. Energy Safety Services, 544 F.3d 1121, 1126 (10th Cir. 2008); Chenoweth v. Hillsborough County, 250 F.3d 1328, 1329 (11th Cir. 2001); Colwell v. Suffolk County Police Dept., 158 F.3d 635, 643 (2d Cir. 1998).

Major life activities are enumerated by EEOC regulation as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1630.2(I). The Court acknowledges that this enumeration is not exhaustive; nevertheless, "driving is not only absent from the list but is conspicuously different in character from the activities that are listed." Chenoweth, 250 F.3d at 1329.

Plaintiff has failed to prove her adult daughter, following her discharge from the hospital on

6

August 3, 2007, was incapable of self-care due to a physical disability. There is no evidence before the Court that Plaintiff's daughter suffered from an impairment that substantially limited one or more of the major life activities. Accordingly, Defendant is entitled to summary judgment on Plaintiff's interference claim.

B.  Retaliation

The FMLA protects employees from interference with their leave, as well as discrimination or retaliation for exercising their rights. 29 U.S.C. § 2615(a)(1)-(2). Plaintiff claims Lane violated the FMLA by terminating her in retaliation for exercising her rights under the FMLA. To establish a retaliation claim under the FMLA, Plaintiff must prove that (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 768 (5th Cir. 2001). In light of this Court's holding that Plaintiff was not entitled to leave under the FMLA, she cannot prove she engaged in a statutorily protected activity. Accordingly, Plaintiff's cause of action for retaliation fails. Thus, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## IV.  CONCLUSION

Viewed in the light most favorable to the non-moving party, the Court finds there is no genuine issue of material fact in connection with either Plaintiff's interference or retaliation claim. Therefore, Defendant's Motion for Summary Judgment [26] is GRANTED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 31st day of July, 2009.

7

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**